IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MICHAEL FLYNN, )
on behalf of plaintiff and the class as defined )
below, )
 )
                Plaintiff, )
 )
     vs. )
 )
IMMEDIATE ACQUISITIONS, LLC, )
and DOES 1-10, )
 )
                Defendants. )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Michael Flynn brings this action to secure redress from unlawful practices engaged in by defendant Immediate Acquisitions, LLC. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Restricted Call Registry Act, 815 ILCS 402/1 et seq. ("IRCRA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

3. The IRCRA prohibits calls to phones on the "Do Not Call" list.

### VENUE AND JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. §§1331 (federal question), 1337 (commerce), and 1367 (supplemental jurisdiction).

5. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's communications were received by plaintiff in this District;

    b. Defendant transacts business within this District.

### PARTIES

6. Plaintiff Michael Flynn is an individual who resides in the Central District of Illinois.

7. Defendant Immediate Acquisitions, LLC is a Colorado limited liability company with its principal office located at 340 South Lemon Avenue, Suite 1903, Walnut, California 91789. Its registered agent and office is Shaun Fletcher, 1630 30th Street, #324, Boulder, Colorado 80301.

8. Defendant Does 1-10 are other persons responsible for the calls detailed below.

## FACTS

9. On January 19-23, 2017, plaintiff received at least 5 telephone calls on his cell phone from 217-717-9406.

10. Immediate Acquisitions, LLC uses the number and placed the phone calls to plaintiff's cell phone.

11. The calls sought to sell Immediate Acquisitions' services, which consist of relieving timeshare owners of their timeshare obligations. The services were to be provided by an alleged representative of defendant in Springfield.

12. Plaintiff may have received other calls from the same source.

13. Plaintiff's cellular number is on the National Do Not call list and has been since 2003. Plaintiff does not own a timeshare and does not need defendants' services.

14. On information and belief, the calls were placed using a predictive dialer. Predictive dialers make calls without human intervention until a connection is made. The machine "predicts" when a human caller will be available to speak to the called party.

15. When plaintiff answered the calls, he was greeted with a pause or "dead air." This is a common feature of a predictive dialer – a call is placed by the device and it takes a few seconds until someone is available to take the call.

16. Plaintiff did not authorize the calls to his cell phone.

17. Plaintiff did not furnish his cell phone number to defendant.

18. Plaintiff asked the callers to stop calling. They did not comply.

19. Plaintiff was damaged by the calls, in that they consumed time, energy, memory

2

and battery life.

20. Plaintiff and each class member is entitled to statutory damages.

21. Defendants violated the TCPA even if their actions were only negligent.

22. Defendants should be enjoined from committing similar violations in the future.

### COUNT I – TCPA

23. Plaintiff incorporates paragraphs 1-22.

24. The TCPA, 47 U.S.C. §227, provides:

> **§ 227. Restrictions on use of telephone equipment**
>
> ... **(b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
> > **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**
> >
> > > **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; ...**

25. The TCPA, 47 U.S.C. §227(b)(3), further provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of**

3

**this paragraph.**

26. Defendants violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

27. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received calls from defendants on their cell phones, (d) placed using an automated dialer.

28. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

29. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

    a. The manner in which defendant obtained the cell phone numbers; and

    b. Whether defendant thereby violated the TCPA.

30. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

31. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

32. Several courts have certified class actions under the TCPA: *Meyer v. Portfolio*

4

*Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.*, 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.*, 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.*, 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

33.     Management of this class action is likely to present significantly fewer difficulties

than those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

(a) Statutory damages;

(b) An injunction against the further violations;

(c) Costs of suit; and

(d) Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS RESTRICTED CALL REGISTRY ACT

34. Plaintiff incorporates paragraphs 1-22.

35. 815 ILCS 402/10 provides that "Beginning October 1, 2003, it is a violation of this Act for any person or entity to make or cause to be made any telephone solicitation calls to any residential subscriber more than 45 days after the person or entity obtains the Registry or any update of the Registry on which the residential subscriber's telephone number or numbers first appear."

36. 815 ILCS 402/5(a) defines "Residential subscriber" to mean "a person or spouse who has subscribed to either residential telephone service from a local exchange company or public mobile services, as defined by Section 13-214 of the Public Utilities Act, a guardian of the person or the person's spouse, or an individual who has power of attorney from or an authorized agent of the person or the person's spouse."

37. 815 ILCS 402/5(e) defines "Telephone solicitation" to mean –

> **any voice communication over a telephone line from a live operator, through the use of an autodialer or autodialer system, as defined in Section 5 of the Automatic Telephone Dialers Act, or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, or for the purposes of soliciting charitable contributions but does not include communications:**
>
> > **(1) to any residential subscriber with that subscriber's prior express invitation or permission when a voluntary 2-way communication between a person or entity and a residential subscriber has occurred with or without an exchange of consideration. A telephone solicitation**

> is presumed not to be made at the express request of a subscriber if one of the following occurs, as applicable:
>
>> (A) The telephone solicitation is made 30 business days after the last date on which the subscriber contacted a business with the purpose of inquiring about the potential purchase of goods or services.
>>
>> (B) The telephone solicitation is made 30 business days after the last date on which the subscriber consented to be contacted.
>>
>> (C) The telephone solicitation is made 30 business days after a product or service becomes available where the subscriber has made a request to the business for that product or service that is not then available, and requests a call when the product or service becomes available;
>
> (2) by or on behalf of any person or entity with whom a residential subscriber has an established business relationship which has not been terminated in writing by either party and which is related to the nature of the established business relationship;
>
> (3) by or on behalf of any person or entity with whom a residential subscriber is an existing customer, unless the customer has stated to the person or entity or the person or entity's agent that he or she no longer wishes to receive the telemarketing sales calls of the person or entity, or unless the nature of the call is unrelated to the established business relationship with the existing customer; . . .

38.    815 ILCS 402/5(b) defines "Established business relationship" as "the existence of an oral or written transaction, agreement, contract, or other legal state of affairs involving a person or entity and an existing customer under which both parties have a course of conduct or established pattern of activity for commercial or mercantile purposes and for the benefit or profit of both parties. A pattern of activity does not necessarily mean multiple previous contacts. The established business relationship must exist between the existing customer and the person or entity directly, and does not extend to any related business entity or other business organization of the person or entity or related to the person or entity or the person or entity's agent including but not limited to a parent corporation, subsidiary partnership, company or other corporation or affiliate."

39.    815 ILCS 402/50 provides:

7

**402/50. Enforcement by residential subscriber**

**§ 50. Enforcement by residential subscriber. Any residential subscriber who receives a call in violation of this Act may bring an action for the recovery of damages. In addition to actual damages, if any, the subscriber may obtain statutory damages in the amount of $500 per violation. No action or proceeding may be brought more than one year after (1) the person bringing the action knew or should have known of the alleged violation or (2) the termination of any proceeding or action brought pursuant to Section 35 that arises out of the same violation.**

40. Plaintiff is a "residential subscriber" within the meaning of the Restricted Call Registry Act.

41. Defendants violated the Restricted Call Registry Act by making a telephone solicitation to plaintiff more than 45 days after plaintiff placed his number on the National Do Not Call Registry.

42. Defendants violated the Illinois Restricted Call Registry Act even if its actions were only negligent.

43. Plaintiff is entitled to statutory damages for defendants' violation of the Illinois Restricted Call Registry Act.

## CLASS ALLEGATIONS

44. Pursuant to 735 ILCS 5/2-801, plaintiff brings this claim on behalf of a class.

45. The class consists of (a) all Illinois residents who (b) during a period beginning one year prior to the filing of this action, (c) either (i) received calls from defendants on their cell phones, placed using an automated dialer or a prerecorded or artificial voice, or (ii) received calls from defendants at a number on the "Do Not Call" list.

46. On information and belief, the class is so numerous that joinder of all members is impractical.

47. Plaintiff alleges that there are more than 40 members of the class.

48. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These questions include:

    a. Whether defendants timely obtain numbers on the National Do Not Call

    Registry;

  b. The manner in which defendant place telemarketing calls; and

  c. Whether defendants violated the Illinois Restricted Call Registry Act.

49. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests adverse to or in conflict with the absent class members.

50. A class action is the appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

  (a) Statutory damages;

  (b) An injunction against further violations;

  (c) Costs of suit;

  (d) Such other or further relief as the Court deems just and proper.

## COUNT III – ILLINOIS CONSUMER FRAUD ACT

51. Plaintiff incorporates paragraphs 1-22.

52. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making unauthorized robocalls to plaintiff's cell phone when it was on the "Do Not Call" list.

53. Defendants' conduct is contrary to public policy, as set forth in the TCPA and IRCRA.

54. Plaintiff suffered damages as a result of receipt of the call.

55. Defendants engaged in such conduct in the course of trade and commerce.

9

56. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

57. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with phone numbers in the Illinois area codes (b) who, on or after a date three years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) either (i) received calls from defendants on their cell phones, placed using an automated dialer or a prerecorded or artificial voice, or (ii) received calls from defendants at a number on the "Do Not Call" list.

58. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

59. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using an automated dialer;
   b. The manner in which defendants compiled or obtained their list of telephone numbers;
   c. Whether defendants complied with the "Do Not Call" list; and
   d. Whether defendant thereby violated the TCPA and ICFA.

60. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel has any interests which might cause them not to vigorously pursue this action.

61. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

62. A class action is the superior method for the fair and efficient adjudication of this

controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

63.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class members and against defendants for:

    a.     Statutory damages;

    b.     Injunctive relief;

    c.     Costs;

    d.     Such other and further relief as the Court may deem just and proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com

11

## **VERIFICATION**

The undersigned declare under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of the undersigned's knowledge and belief.

_____
Michael Flynn

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX) (may use for service of pleadings)
Email address for service: courtecl@edcombs.com